**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

RAY E. WISEMAN
ADC #133427                                                                                          PLAINTIFF

V.                                            4:05CV01759 JLH/JTR

JEFF JOHNSTON,
Investigator, Faulkner County et al.                                                        DEFENDANTS

**ORDER**

Plaintiff, who is currently incarcerated at the Delta Unit of the Arkansas Department of Correction, has filed a *pro se*[1] § 1983 Complaint. *See* docket entry #1. For the reasons set forth herein, the Court will order Plaintiff to: (1) either pay the $250 filing fee in full, or file an Application to Proceed *In Forma Pauperis*, along with a prisoner calculation sheet; and (2) file an Amended Complaint.

---

[1] Plaintiff is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

Plaintiff is further notified of 28 U.S.C. § 1915(g), which provides that a prisoner may not proceed with a civil suit *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Dismissal pursuant to Local Rule 5.5(c)(2) or Fed. R. Civ. P. 41(b) (providing that a court may *sua sponte* dismiss a case for the "failure of the plaintiff to prosecute or to comply with these rules or any order of the court) shall be treated as a dismissal for filing a frivolous action, and thus a "strike," within the meaning of 28 U.S.C. § 1915(g). In contrast, a dismissal pursuant to a motion for voluntary dismissal will not be treated as a strike. Therefore, if at some stage in this litigation, Plaintiff elects not to continue prosecuting this action, he should file a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a).

## I. Filing Fee

Plaintiff has neither paid the $250 filing fee nor filed an Application to Proceed *In Forma Pauperis*. If Plaintiff wishes to pursue this action, he must, within thirty days of the entry of this Order, either: (1) pay the $250 filing fee, in full;[2] or (2) file a properly completed Application to Proceed *In Forma Pauperis*,[3] along with a properly completed prisoner calculation sheet.[4]

## II. Amended Complaint

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek

---

[2] Any such payment should clearly indicate that it is for payment of the filing fee in *"Wiseman v. Johnston, et al.,* 4:05CV01759 JLH/JTR."

[3] The Prison Litigation Reform Act ("PLRA") provides that a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $250. 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4). **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $250 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

[4] The prisoner calculation sheet must be prepared and executed by an authorized official at the incarcerating facility. The prisoner calculation sheet will reflect the deposits and monthly balances of the prisoner's account at the facility during the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). Based on this information, the Court will assess an initial partial filing fee, if sufficient funds exist, and will also direct the future collection of monthly installment payments from Plaintiff's account until the filing fee is paid in full. *Id.* § 1915(b)(1) and (2).

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).  A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

In his Complaint, Plaintiff alleges that his constitutional rights were violated, in several respects, during criminal proceedings that were held against him in Faulkner County. *See* docket entry #1.  However, as it now stands, portions of Plaintiff's Complaint are too vague to enable the Court to determine whether it is frivolous or fails to state a claim for relief under § 1915A.

Accordingly, Plaintiff is directed to file, within thirty days of the entry of this Order, an Amended Complaint that specifies:  (1) the date and nature of his conviction in Faulkner County; (2) whether Plaintiff has any proceedings currently pending in state court in regard to that conviction or proceedings; (3) how Defendant Jeff Johnston was personally involved in the alleged deprivation of Plaintiff's constitutional rights; (4) how Defendant Stevens was personally involved in the alleged deprivation of Plaintiff's constitutional rights; and (5) how Defendant Steven Ralph was personally involved in the alleged deprivation of Plaintiff's constitutional rights. Plaintiff must set forth specific

facts concerning his allegations including, where applicable, dates, times and places.

### III.  Conclusion

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to send Plaintiff an Application to Proceed *In Forma Pauperis,* along with a prisoner calculation sheet.

2. Plaintiff shall, **within thirty days of the entry of this Order**, either: (a) pay the $250 filing fee in full; or (b) file a properly completed Application to Proceed *In Forma Pauperis*, along with a properly completed prisoner calculation sheet.

3. Plaintiff shall, **within thirty days of the entry of this Order**, file an Amended Complaint containing the information specified in this Order.

4. Plaintiff is reminded (as fully explained in footnote 1 to this Order) that the failure to timely and properly comply with any portion of this Order could result in the dismissal of this case, without prejudice, and that such dismissal could constitute a strike, pursuant to 28 U.S.C. § 1915(g).

5. Service is <u>not</u> appropriate upon Defendants at this time.

Dated this 3rd day of January, 2006.

                                                                UNITED STATES MAGISTRATE JUDGE